IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:23-CR-92-TAV-DCP |
| SHOWN A. WHITE | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. A Pretrial Order [Doc. 12] was entered in this case on October 17, 2023, and a Superseding Indictment [Doc. 13] was filed the following day on October 18. Defendant Shown White filed an Unopposed Motion to Continue Trial and Related Deadlines [Doc. 19] on January 29, 2024, and this case was referred to the undersigned by District Judge Varlan [Doc. 20] on January 31 for consideration and determination or report and recommendation on Defendant Shown White's Unopposed Motion to Continue Trial and Related Deadlines [Doc. 19].

In his motion, Defendant White asks the Court to continue the trial date, which is set for February 27, 2024, and to extend related deadlines [Doc. 19 p. 1]. In support of his motion, Defendant states that "[d]espite reasonable diligence on the part of counsel, this case is not yet ready for hearing" [*Id.*]. He represents that Defense counsel and counsel for the Government have been engaged in discussions regarding a potential plea agreement [*Id.*]. Further, Defendant states that he "is charged with related offenses in multiple state courts and negotiations with those courts are related to a possible plea agreement in this Court" [*Id.*]. Finally, defense counsel requires

additional time to research the case and meet with Defendant to discuss the options [*Id.*]. Defendant understands that the period of time between the filing of this motion for continuance and a rescheduled trial date shall be fully excludable for speedy trial purposes. Counsel for the Government does not oppose the requested continuance.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendant needs more time to engage in plea negotiations, discuss any offers with Defendant, and prepare for trial in the event plea negotiations are not fruitful. The Court finds that all of this cannot occur before the February 27, 2024 trial date.

The Court therefore **GRANTS** Defendant Shown White's Unopposed Motion to Continue Trial and Related Deadlines [**Doc. 19**]. The trial of this case is reset to **May 21, 2024**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on January 29, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Shown White's Unopposed Motion to Continue Trial and Related Deadlines [**Doc. 19**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **May 21, 2024, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **January 29, 2024**, and the new trial date of **May 21, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 19, 2024**;

(5) the deadline for filing motions *in limine* is **May 6, 2024**; and

(6) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 10, 2024**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge